## Case No. 2,710.

### CHUCK et al. v. MESRITZ.

[2 Woods, 204.] [1]

Circuit Court, D. Louisiana. April Term, 1876.

COMPOSITION WITH CREDITORS—VALIDITY—SECRET ARRANGEMENT.

If a debtor in embarrassed circumstances enters into an arrangement with all his creditors to pay them a certain proportion of their claims, in consideration of a discharge of their demands, and he privately agrees to give a better or further security to one than to the others, the contract with the other creditors is void.

This case was submitted to the court upon the law and facts, the parties having waived the intervention of a jury.

George W. Race, for plaintiffs.

Thomas J. Cooley and Edward Phillips, for defendants.

WOODS, Circuit Judge. The suit is brought on two promissory notes made by defendant at New Orleans, and payable to his own order, both dated August 26, 1867; one for $652, due November 26, 1867, and the other, $656, due December 26, 1867, with current rate of exchange on New York, and by him indorsed to J. B. Jaroslowskie Brothers & Co., and by them to the plaintiffs. The execution, as well as the indorsement and transfer of the notes is admitted by the answer. The defense set up is as follows: That in February, 1869, an agreement was signed by all the creditors of defendant, including Jaroslowskie Brothers & Co., who then owned the notes sued on, to accept twenty-five per cent. of the amount due on their respective claims, in full satisfaction thereof. Of course it is incumbent on the defendants to establish their defense by the preponderance of evidence. There is some conflict of testimony as to the terms of this agreement, but I think the decided weight of evidence is in favor of the version of plaintiffs, that the defendant

agreed with Amberg, a member of the firm of Jaroslowskie Brothers & Co., that if he would procure the written assent of all the other creditors of defendant to accept twenty-five cents on the dollar of their claims, he, the defendant, would pay Jaroslowskie Brothers & Co. their claim in full.

A most persuasive piece of evidence on this point is found in the fact that Berwin, of New Orleans, who acted in the matter of the adjustment as an agent of the defendant, and who furnished the money to the defendant wherewith to pay the twenty-five cents on the dollar, was informed by a letter from Jaroslowskie Brothers & Co., written by Amberg, that he, Amberg, had succeeded in getting the signatures of all the creditors to the contract of compromise, "ours, of course, excepted," stating that some of the creditors had imposed the condition that the money should be paid during the then current month of February, and urging him to instruct Converse & Co. of New York, by telegraph, to pay the amount of the compromise agreed on to the creditors. Berwin, in a letter dated February 22, 1869, acknowledged the receipt of this letter, and adds: "Everything is O. K. I will advise to-morrow Mr. Converse to pay all creditors according to settlement. You can rely upon it that everything is settled in regard to the balance between you and Mr. Mesritz. I had a conversation with him, and he told me he would inform you himself, and will settle everything satisfactory with you." But the defendant says that if the contract between him and Jaroslowskie Brothers & Co. was as claimed by the plaintiff, it was a fraud on the other creditors and void. The authorities sustain this position. Where a debtor, in embarrassed circumstances, enters into an arrangement with all his creditors to pay them a certain proportion of their claims in consideration of a discharge of their demands, if he privately agree to give a better or further security to one than to the others, the contract with the other creditors is void, because the very basis is that each creditor shall receive an equal benefit and take a proportionate share. Story, Eq. Jur. §§ 378, 379, and notes. A neglect by Jaroslowskie Brothers & Co. to make known to the other creditors the fact that they were to be paid in full, while the other creditors were to receive only twenty-five cents on the dollar, was a fraud on the other creditors, and if it was the understanding between Mesritz and Jaroslowskie Brothers & Co. that the arrangement should be kept secret from the other creditors, the contract is void. But if the contract is void, it is void on account of the fraud of both parties. It is void totally. This would leave the parties just where they would have been had no such contract been made.

The case is then in this position: The plaintiffs are the transferees of notes made by the defendant, the execution and transfer of which is admitted. The defendant having failed to prove that Jaroslowskie Brothers &

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

Co. agreed, in common with the other creditors, to accept twenty-five cents on the dollar of their debt, now insists that if the contract was as claimed by Jaroslowskie Brothers & Co., it was fraudulent and void. If this be conceded, the defendant is in the position of striving to protect himself against a recovery on his own promissory notes, by alleging that the contract by which he agreed to pay them in full was fraudulent, and, therefore, void. The only successful defense that defendant could make was, by establishing the compromise at twenty-five cents on the dollar by a valid contract. In this he has failed. If the contract of compromise was as claimed by Jaroslowskie Brothers & Co., then whether it was valid or void, there must be a recovery against defendant for the full amount of his notes. If valid, the contract bound him to pay the full notes with interest. If the contract was void, the notes bound him to do the same thing. There must be judgment for plaintiff for the amount claimed.